## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PALM BEACH DIVISION IN ADMIRALTY

CASE NO.:

NATHANIEL M. WHALEY,

     *Plaintiff*,

v.

CLASSICA CRUISE OPERATOR, LTD, INC.
d/b/a MARGARITAVILLE AT SEA,
a Foreign Profit Corporation, and
HORIZON HOTEL OWNER, LLC
d/b/a ST. SOMEWHERE SPA,
a Florida Limited Liability Company,

     *Defendants*.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, NATHANIEL M. WHALEY, by and through his undersigned counsel, hereby sues Defendants CLASSICA CRUISE OPERATOR, LTD, INC. d/b/a MARGARITAVILLE AT SEA ("Classica"), and HORIZON HOTEL OWNER, LLC d/b/a ST. SOMEWHERE SPA ("St. Somewhere"), and alleges as follows:

## JURISDICTION, VENUE, AND PARTIES

1.      Plaintiff is a citizen of the State of Florida, residing in Pensacola, Florida.

2.      Defendant CLASSICA CRUISE OPERATOR, LTD., INC. (hereinafter "Classica"), is a foreign profit corporation that is incorporated in the Bahamas, has a principal place of business in New York, and is authorized and does transact business at its Florida office: 431 Fairway Dr. Suite 300, Deerfield Beach, Florida, 33441.

3.      Defendant HORIZON HOTEL OWNER, LLC (hereinafter "St. Somewhere Spa"), is a foreign limited liability company incorporated in Delaware, and is authorized and does transact business at its Florida office: One Town Center Road, Suite 660, Boca Raton, Florida, 33488.

4.      This is an action for money damages and the amount in controversy is in excess of $75,000.00 exclusive of interest and court costs.

5.      This Court has subject matter jurisdiction over the matter under the Admiralty and Maritime Jurisdiction of the Court pursuant to Article III § 2 of the United States Constitution and 28 U.S.C. § 1333.

6.      At all material times, Defendant Classica has had its principal place of business in Florida and has conducted ongoing substantial and not isolated business activities in Palm Beach County, Florida, such as operating maritime cruise vessels

for paying passengers, including the Plaintiff, such that *in personam* jurisdiction exists in the United States District Court for the Southern District of Florida.

7.     At all material times, Defendant St. Somewhere Spa has had its principal place of business in Florida and has conducted ongoing substantial and not isolated business activities in Palm Beach County, Florida, such as operating Classica's onboard spas for paying passengers, including the Plaintiff, such that *in personam* jurisdiction exists in the United States District Court for the Southern District of Florida.

8.     This matter is being filed in the United States District Court for the Southern District of Florida, Palm Beach County Division, pursuant to the forum-selection clause contained in Section 9(a) of the ticket contract issued by Defendants. Upon information and belief, Classica is in possession of a copy of the ticket contract. Thus, venue is proper in this Court.

9.     All conditions precedent to the maintenance of this action have been performed, or, alternatively, have been waived.

## GENERAL ALLEGATIONS

10.     From January 12, 2024 to January 14, 2024, Plaintiff was a fare paying passenger on board the cruise ship known as the Margaritaville at Sea Paradise (hereinafter the "Vessel"), which was at all times operating in navigable waters.

11.     On or about January 13, 2024, Plaintiff made use of the Vessel's onboard "St. Somewhere Spa" sauna.

12.     At all times, Defendants owned, operated, managed, maintained, and/or controlled the sauna aboard the Vessel.

13.     While laying on the bench inside the sauna, Plaintiff sat up, swinging his leg over the bench to balance.  As Plaintiff's leg passed, but did not touch, a steam vent in the sauna, Plaintiff instantly suffered severe burning to his right foot and ankle.

14.     Plaintiff left the sauna immediately due to the pain.  The Vessel's medical department was closed on the day of the injury.

15.     The next day, Plaintiff went to the front desk to report the incident and was told to follow up with his own doctor.

16.     The incident was solely caused by Defendants' and their employees' failure to exercise reasonable care.  Moreover, in the exercise of reasonable care, Defendants should have known of this danger and warned passengers, including Plaintiff, of it.

## COUNT I – NEGLIGENT FAILURE TO MAINTAIN AGAINST CLASSICA CRUISE OPERATOR, LTD., INC.

17.     The Plaintiff incorporates and re-alleges paragraphs one (1) through sixteen (16) above, as though fully set forth herein, and further states:

18.     At all times material, Defendant, Classica owed Plaintiff a duty of reasonable care under the circumstances.

19.     On or about January 13, 2024, Defendant, and/or its agents, employees, and/or servants breached its duty to maintain the sauna in a reasonably safe condition by failing to inspect the sauna on a routine basis, failing to repair the sauna, and/or failing to routinely maintain the sauna, such that the vent was allowed to emit steam at an excessive and unreasonable temperature.

20.     It was foreseeable that failure to properly inspect and maintain the sauna and vents at a proper temperature and in proper working order, would result in burns to passengers, such as Plaintiff.

21.     Defendant knew and should have known of the foregoing conditions causing Plaintiff's injury because it was in control of the sauna, had the ability to monitor it, and had the ability to assure that the temperature did not rise to a level which would cause injury to unsuspecting passengers, but Defendant did not correct and properly maintain the sauna.  As a result of prior similar incidents, claims, comments, and complaints, Defendant was on notice of these hazardous conditions.

22.     Defendant created that hazardous condition, by employees operating and setting the controls within the onboard sauna that resulted in the injury and damage to Plaintiff.

23.     On or about January 13, 2024, Plaintiff was injured due to the negligence of Defendant and/or its agents, employees, and/or servants in failing to exercise reasonable care as follows:

a.   Failure to inspect, maintain, monitor, and repair the subject sauna so that it functioned properly and was reasonably safe for use by passengers, including Whaley; and/or

b.   Failure to take reasonable precautions to keep the sauna where Plaintiff was injured in a safe and reasonably functioning manner, causing the sauna to be unsafe for Plaintiff, and/or

c.   Failure to properly train employees to inspect, maintain, monitor and repair the subject sauna so that it functioned properly and was reasonably safe for use by passengers, including Whaley.

24.     As a direct and proximate result of the aforementioned acts of Defendant's negligence, Plaintiff, NATHANIEL M. WHALEY has suffered damages, including but not limited to, bodily injury and resulting pain and suffering (past and future), mental distress (past and future), disability (past and future), disfigurement (past and future), mental anguish (past and future), loss of capacity for the enjoyment of life (past and future), expense of hospitalization (past and future), costs of medical and nursing care and treatment (past and future), medical supplies (past and future), loss of earnings, loss of ability to earn money, and aggravation of any preexisting condition (past and future), and the costs incurred by Plaintiff in bringing this action, which CLASSICA CRUISE OPERATOR, LTD., INC. is liable for.

WHEREFORE, Plaintiff, NATHANIEL M. WHALEY, demands judgment against CLASSICA CRUISE OPERATOR, LTD., INC. for the compensatory damages listed above, the costs of this action, a jury trial of all issues so triable, and any such other relief this Court deems just and proper.

## COUNT II – NEGLIGENCE AGAINST HORIZON HOTEL OWNER, LLC

25.     The Plaintiff incorporates and re-alleges paragraphs one (1) through sixteen (16) above, as though fully set forth herein, and further states.

26.     At all times material, Defendant, St. Somewhere Spa owed Plaintiff a duty of reasonable care under the circumstances.

27.     Defendant either knew or should have known of the foregoing conditions causing Plaintiff's injury, but did not correct and properly maintain the sauna.  As a result of prior similar incidents, claims, comments, and complaints, Defendant was on notice of these hazardous conditions.

28.     In the alternative, Defendant created that hazardous condition that resulted in the injury and damage to Plaintiff.

29.     On or about January 13, 2024, Defendant, and/or its agents, employees, and/or servants breached its duty to maintain the sauna in a reasonably safe condition by failing to inspect the sauna on a routine basis, failing to repair the sauna, and/or failing to routinely maintain the sauna, such that the vent was allowed to emit steam at an excessive and unreasonable temperature.

30.    It was foreseeable that failure to properly inspect and maintain the sauna and vents at a proper temperature and in proper working order, would result in burns to passengers, such as Plaintiff.

31.    On or about January 13, 2024, Plaintiff was injured due to the negligence of Defendant and/or its agents, employees, and/or servants in failing to exercise reasonable care as follows:

      a.    Failure to inspect, maintain, monitor, and repair the subject sauna so that it functioned properly and was reasonably safe for use by passengers, including Whaley; and/or

      b.    Failure to take reasonable precautions to keep the sauna where Plaintiff was injured in a safe and reasonably functioning manner, causing the sauna to be unsafe for Plaintiff.

32.    Plaintiff immediately suffered burning that could only have resulted from a malfunction of the sauna's steam vents, which would have become known to defendant had it conducted a reasonable inspection, maintenance, and monitoring and/or repair of the sauna.

33.    As a direct and proximate result of the aforementioned acts of Defendant's negligence, Plaintiff, NATHANIEL M. WHALEY has suffered damages, including but not limited to, bodily injury and resulting pain and suffering (past and future), mental distress (past and future), disability (past and future), disfigurement (past and future), mental anguish (past and future), loss of capacity for the enjoyment of life (past and future), expense of hospitalization (past and

future), costs of medical and nursing care and treatment (past and future), medical supplies (past and future), loss of earnings, loss of ability to earn money, and aggravation of any preexisting condition (past and future), and the costs incurred by Plaintiff in bringing this action, which HORIZON HOTEL OWNER, LLC is liable for.

WHEREFORE, Plaintiff, NATHANIEL M. WHALEY, demands judgment against HORIZON HOTEL OWNER, LLC for the compensatory damages listed above, the costs of this action, a jury trial of all issues so triable, and any such other relief this Court deems just and proper.

### COUNT III – FAILURE TO WARN AGAINST CLASSICA CRUISE OPERATOR, LTD., INC.

34.    The Plaintiff incorporates and re-alleges paragraphs one (1) through sixteen (16) above, as though fully set forth herein, and further states.

35.    At all times material, Defendant, CLASSICA CRUISE OPERATOR, LTD., INC. owed Plaintiff a duty of reasonable care under the circumstances, which includes a duty to warn of hidden dangerous conditions known or knowable to Defendant in the exercise of reasonable care.

36.    The excessive and unreasonably hot sauna vent was neither apparent nor obvious.

37.     Although the excessive and unreasonable temperature of the sauna vent was known to Defendant, or knowable given the presence of its crew members in the area, Defendant failed to provide any warning of this condition to Plaintiff.

38.     On or about January 13, 2024, Defendant, and/or its agents, employees, and/or servants breached their duty to provide Plaintiff with reasonable care under the circumstances by failing to warn Plaintiff of a hidden and dangerous condition as follows:

    a.  Failure to warn Plaintiff of a dangerous condition—the hidden, non-obvious excessively and unreasonably hot sauna vent, which Defendant had actual or constructive notice of; and

    b.  Failure to set up warning signs to warn passengers, including Plaintiff, of the excessive, unreasonable, and dangerous sauna vents, or otherwise close the area.

39.     Defendant either knew or should have known of the foregoing conditions causing Plaintiff's injury, but did not warn Plaintiff of the hidden dangerous conditions. As a result of prior similar incidents, claims, comments, and complaints, Defendant was on notice of these hidden dangers and the concomitant obligation to warn Plaintiff.

40.     In the alternative, Defendant created that hazardous condition that resulted in the injury and damage to Plaintiff.

41.     Alternatively, Defendant knew of the foregoing conditions causing Plaintiff's accident, but did not warn Plaintiff of the hidden dangerous conditions,

and the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned Plaintiff of the hidden dangerous condition.  As a result of prior similar incidents, claims, comments, and complaints, Defendant was on notice of these hidden dangers and the obligation to warn Plaintiff.

42.    The condition created and/or known to Defendant occurred with sufficient regularity to be reasonably foreseeable to Defendant, and Defendant was under an obligation to warn Plaintiff.

43.    As a direct and proximate result of the aforementioned acts of Defendant's negligence, Plaintiff, NATHANIEL M. WHALEY has suffered damages, including but not limited to, bodily injury and resulting pain and suffering (past and future), mental distress (past and future), disability (past and future), disfigurement (past and future), mental anguish (past and future), loss of capacity for the enjoyment of life (past and future), expense of hospitalization (past and future), costs of medical and nursing care and treatment (past and future), medical supplies (past and future), loss of earnings, loss of ability to earn money, and aggravation of any preexisting condition (past and future), and the costs incurred by Plaintiff in bringing this action, which CLASSICA CRUISE OPERATOR, LTD., INC. is liable for.

WHEREFORE, Plaintiff, NATHANIEL M. WHALEY, demands judgment against CLASSICA CRUISE OPERATOR, LTD., INC. for the compensatory damages listed above, the costs of this action, a jury trial of all issues so triable, and any such other relief this Court deems just and proper.

## COUNT IV – FAILURE TO WARN AGAINST HORIZON HOTEL OWNER, LLC

44.    The Plaintiff incorporates and re-alleges paragraphs one (1) through sixteen (16) above, as though fully set forth herein, and further states:

45.    At all times material, Defendant, HORIZON HOTEL OWNER, LLC owed Plaintiff a duty of reasonable care under the circumstances, which includes a duty to warn of hidden dangerous conditions known or knowable to Defendant in the exercise of reasonable care.

46.    The excessive and unreasonably hot sauna vent was neither apparent nor obvious.

47.    Despite the excessive and unreasonable temperature of the sauna vent was known to Defendant, or knowable given the presence of its crew members in the area and past similar incidents, Defendant failed to provide any warning of this condition to Plaintiff.

48.    On or about January 13, 2024, Defendant, and/or its agents, employees, and/or servants breached their duty to provide Plaintiff with reasonable care under

the circumstances by failing to warn Plaintiff of a hidden and dangerous condition as follows:

    a. Failure to warn Plaintiff of a dangerous condition—the hidden, non-obvious excessively and unreasonably hot sauna vent, which Defendant had actual or constructive notice of; and/or

    b. Failure to set up warning signs to warn passengers, including Plaintiff, of the excessive, unreasonable, and dangerous sauna vents, or otherwise close the area.

49.    Defendant either knew or should have known of the foregoing conditions causing Plaintiff's injury, but did not correct and properly maintain the sauna. As a result of prior similar incidents, claims, comments, and complaints, Defendant was on notice of these hazardous conditions.

50.    In the alternative, Defendant created that hazardous condition that resulted in the injury and damage to Plaintiff.

51.    Alternatively, Defendant knew of the foregoing conditions causing Plaintiff's accident, but did not warn Plaintiff of the hidden dangerous conditions, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned Plaintiff of the hidden dangerous condition.  As a result of prior similar incidents, claims, comments, and complaints, Defendant was on notice of these hidden dangers and the obligation to warn Plaintiff.

52.     The conditions created and/or known to Defendant occurred with sufficient regularity so as to be reasonably foreseeable to Defendant, such that Defendant was under an obligation to warn Plaintiff.

53.     As a direct and proximate result of the aforementioned acts of Defendant's negligence, Plaintiff, NATHANIEL M. WHALEY has suffered damages, including but not limited to, bodily injury and resulting pain and suffering (past and future), mental distress (past and future), disability (past and future), disfigurement (past and future), mental anguish (past and future), loss of capacity for the enjoyment of life (past and future), expense of hospitalization (past and future), costs of medical and nursing care and treatment (past and future), medical supplies (past and future), loss of earnings, loss of ability to earn money, and aggravation of any preexisting condition (past and future), and the costs incurred by Plaintiff in bringing this action, which HORIZON HOTEL OWNER, LLC is liable for.

WHEREFORE, Plaintiff, NATHANIEL M. WHALEY, demands judgment against HORIZON HOTEL OWNER, LLC for the compensatory damages listed above, the costs of this action, a jury trial of all issues so triable, and any such other relief this Court deems just and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiff, NATHANIEL M. WHALEY, hereby demands trial by jury of all issues that are triable as a matter of right.

**DATED**: January 7, 2025

Frank D. Butler, Esq.
FBN: 940585
fdblawfirm@aol.com
Jana Ranieri Cortina, Esq.
FBN: 771740
jcortina@fightingforfamilies.com
Frank D. Butler, P.A.
10550 US Highway 19 North
Pinellas Park, FL 33782
Phone: 727-399-2222
Fax: 727-399-2202
Service:courtdocserve@fdblawfirm.com
Secondary:srogers@fightingforfamilies.com
*Attorneys for Plaintiff, Nathaniel M. Whaley*

**<u>/s/ Jana Ranieri Cortina, Esquire</u>**
Jana Ranieri Cortina, Esq.